## CIRCUIT COURT OF FAIRFAX COUNTY

S. Michael Vardell

    v.

Dwight C. Schar et al.

## Case No. (Law) 92491

December 22, 1989

By JUDGE MICHAEL P. McWEENY

This matter comes before the Court upon defendants' Demurrer to plaintiff's cause of action arising under terms of an employment arrangement stated in a letter dated July 6, 1984. Following oral argument, the Court took the matter under advisement.

The Court has not reviewed all briefs and memoranda submitted by counsel and will not attempt to recite the arguments and authorities clearly and exhaustively set forth therein. Instead, the Court makes the following comments in the ruling on the Demurrer.

1. It is clear that the parties attribute variant meanings to the July 6, 1984, letter confirming their understanding as to Mr. Vardell's employment. The Court finds the expectation clause concerning the admission of Mr. Vardell as a principal to NVCommercial ambiguous thus, permitting evidence beyond the "four corners" of the written document to interpret its meaning.

2. The breach of contract claims in Counts 2 and 3 fail for lack of specificity. Plaintiff has failed to identify the contract or agreement, which if breached, would support the damages claimed. Count 3 fails to identify even a single project the defendants failed to develop

or refused to manage. Moreover, in the absence of a failure to develop or refusal to manage projects, plaintiff's allegation of unjust enrichment cannot stand.

3. The allegation of fraud in Count 5 does not allege reliance on a presently existing material fact. Plaintiff states his claim of reliance in terms of looking to a future act for purposes of continuing his employment under the terms of the July 6, 1984, letter.

4. No relationship establishing a fiduciary duty among the parties has been alleged. Absent the existence of the duty, no breach may be claimed.

5. Tortious interference with contractual relations alleged in Count 7 cannot exist as pleaded here. One cannot tortiously interfere with one's own contract. One may breach that contract but cannot tortiously interfere with it, at least not with one's self or with one's agents or partners as alleged here.

Mr. Furr will prepare and forward to Mr. Scully for endorsement an order specifying Count 1 of the Demurrer is overruled; Counts 2 through 7 are sustained with leave granted to plaintiff to amend.

May 29, 1990

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on demurrers to portions of plaintiff's Amended Motion for Judgment. Oral argument was heard on May 4, 1990. For the reasons stated below, all demurrers are hereby overruled.

At the center of this suit is a breach of contract action. The only question which must be resolved at this time is whether the plaintiff has also properly pleaded fraudulent or tortious interference with contractual relations. All four defendants have demurred to the fraud count and also to the amount being sought for punitive damages. In addition, the three individual defendants contend that it is legally impossible for them to have tortiously interfered with a contract to which they themselves were parties.

Turning first to Count III, the issue is whether certain statements set forth in the July 6, 1984, letter ("the Letter/Contract") regarding future events may form

the basis for fraud. The defendants first argue that the statements in the letter are at best promises and do not constitute facts upon which the plaintiff could have reasonably relied. They also contend that the plaintiff is unable to demonstrate what damages were caused by the alleged fraud.

While it is true that the statements contained in the Letter/Contract concern events which were to occur in the future, the fact upon which the plaintiff claims to have relied is the defendants' state of mind at the time the promises were made. As the Virginia Supreme Court has explained:

> [T]he state of the promisor's mind at the time he makes the promise is a fact, and . . . if he misrepresents his state of mind . . . as being one thing when in fact his purpose is just the contrary, he misrepresents a then existing fact.

*Fox v. Deese*, 234 Va. 412, 426, 362 S.E.2d 699, 707 (1987) (holding that misrepresentations concerning future events *may* form sufficient basis for fraud to survive demurrer), *quoting Lloyd v. Smith*, 150 Va. 132, 145-46, 142 S.E.2d 363, 366 (1928). Accordingly, plaintiff's allegations in Count III do state a viable cause of action, and defendants' demurrers thereto are overruled.

The three individual defendants also demur to Count IV of the Amended Motion for Judgment, in which the plaintiff alleges tortious interference with contractual relations. The Virginia Supreme Court has instructed on several occasions as to what distinguishes a simple breach of contract from a tort. The goal in such cases is to prevent tort law from expanding to a point where every breach of a private agreement also constitutes a violation of some general duty of care.

Specifically, the Court has explained that a plaintiff alleging tortious interference with contractual relations must at a minimum allege a breach of contract (*i.e.*, he must establish the breach of some contractual rights deserving protection in the courts). The plaintiff must also allege that the breach was induced or caused by the defendant's interference. *Fox, supra,* 362 S.E.2d at

708. Beyond this, the plaintiff must prove not only that the breaching conduct was *intentional* but also that the defendants employed *improper methods* when causing the breach. *Duggin v. Adams,* 234 Va. 221, 360 S.E.2d 832, 836 (1987) *citing Hechler Chevrolet v. General Motors,* 230 Va. 396 at 402, 337 S.E.2d 744 at 748 (1985) (emphasis added), *and* Restatement (Second) of Torts, sect. 766, comment g (1979).

> Methods of interference considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules [as well as] fraud, misrepresentation, or deceit . . . . *Duggin,* 360 S.E.2d at 836.

The plaintiff need not allege and prove all the elements of liability for the independent tort. *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or. 201, 210, n. 11, 582 P.2d 1365, 1371, n. 11 (1978), *cited with approval in Duggin, supra,* 360 S.E.2d at 836. It would suffice for the plaintiff to allege that the breach of his employment contract was: (1) caused by (2) the intention and (3) improper conduct of (4) a third person.

This last element is essential because "a person cannot interfere with his own contract." *Fox, supra,* 362 S.E.2d at 708. In this case, the defendants contend that there is no third person: the same three individuals who represented NVCommercial also performed all the acts which are not alleged as tortious interference.

It is, of course, true that NVCommercial can only act through individuals who are agents of the corporation, but the converse is not necessarily true: not every action undertaken by Messrs. Cumbie, Schar, and Moran must have been on NVCommercial's behalf. The question of which hat the individual defendants were wearing at the time of the allegedly wrongful acts is a factual one. It would not be proper to dispose of this question on demurrer.

The final matter concerns the amount of punitive damages sought in the Amended Motion for Judgment. All four defendants argue that Va. Code § 8.01-38.1 bars the plaintiff from seeking punitive damages in excess of $350,000.00. That section applies only to actions accruing

on or after July 1, 1988. The question of when these various causes of action accrued is a factual one. The Court is unable to conclude at this time that each of plaintiff's theories of recovery accrued after July 1, 1988, as required by § 8.01-38.1.

All of defendants' demurrers are overruled, without prejudice to their right to renew their arguments when the factual basis for their positions has been developed.